William J. RAUCH, Plaintiff,

v.

Jennifer D. RAUCH a/k/a Jennifer Davis; Peter Brant; Richard Deboe; Deutsche Bank Securities, Inc. f/k/a Deutsche Bank Alex Brown, Inc., Defendants.

C.A. No. 9:05–cv–00376–PMD.

United States District Court, D. South Carolina, Beaufort Division.

March 23, 2006.

John E. Parker, Peters Murdaugh Parker Eltzroth and Detrick, Hampton, SC, Ralph E. Tupper, Stacey P. Canaday, Tupper Grimsley and Dean PA, Beaufort, SC, for Plaintiff.

Thomas R. Gottshall, Haynsworth Sinkler Boyd, Brian A. Comer, Joel Haywood Smith, Nelson Mullins Riley and Scarborough, Columbia, SC, for Defendants.

## ORDER

DUFFY, District Judge.

This matter is before the court on Plaintiff's Motion to Remand, for Costs and Fees.

## FACTUAL BACKGROUND

The undisputed facts are as follows: In 2002, Plaintiff William J. Rauch ("Rauch") and Defendant Jennifer Davis Rauch ("Davis") concluded a divorce proceeding in the Family Court for Beaufort County, Fourteenth Judicial Circuit, South Carolina. At the conclusion of the divorce proceedings, Rauch filed suit against Defendants Davis, Deutsche Bank Securities, Inc. ("DBSI") and Richard Deboe ("Deboe") in the Court of Common Pleas, Hampton County on August 15,

2002. Civ. Action No. 02–CP–25–467. Plaintiff's suit alleged theories of fraud, fraudulent conspiracy, and negligence against Defendants. Prior to filing suit, Plaintiff entered into an agreement with Davis ("Settlement Agreement") whereby he relinquished some of his legal claims against Davis.

On September 23, 2002, Defendant DBSI removed the action to this court, alleging that Davis had been fraudulently joined. Rauch, in turn, moved to remand on October 23, 2002. Rauch argued that removal was improper because Davis, like Rauch, is a citizen of South Carolina.

Rauch's remand motion was heard on April 16, 2003 by the Honorable William O. Bertelsman, a visiting Senior District Judge from the Eastern District of Kentucky. On April 17, 2003, Judge Bertelsman issued an order finding that Davis had not been fraudulently joined because the Settlement Agreement was ambiguous regarding whether Rauch could pursue a claim against Davis. Accordingly, Judge Bertelsman remanded the action to Hampton County.

Defendants DeBoe and DBSI then filed a second Notice of Removal with this court on May 19, 2003. This second Notice of Removal again alleges fraudulent joinder, asserting that Defendants newly discovered evidence in the form of Affidavits from Jennifer Davis ("Davis Affidavit") and Ronald Briggs ("Briggs Affidavit") qualify as "other paper" under 28 U.S.C. § 1446(b). Plaintiff Rauch then filed a second Motion to Remand and for attorney's fees and costs on June 16, 2003.

This court granted Plaintiff's Motion to Remand and denied his request for attorney's fees and costs on September 8, 2003.

At that time, the court concluded that this second removal constituted an attempt to appeal the original remand order and was prohibited by 28 U.S.C. § 1447. The court also found that Defendant's removal was not based on "other paper" as defined by 28 U.S.C. § 1446(b).

Two years and five months after the commencement of this action, on January 28, 2005, Plaintiff voluntarily dismissed Davis. Defendants then promptly removed the action based upon diversity jurisdiction. Defendants assert that they have new proof that Plaintiff has been manipulating the jurisdiction of this court.[1] Accordingly, they argue that an equitable exception to the one-year limit on removal should be recognized. Plaintiff asserts that Defendants are not entitled to removal because the time allowed for removal pursuant to 1446(b) has expired, and further, a review of the court's previous Order is not permitted.

## ANALYSIS

### A. Motion to Remand

The parties agree that the critical issue in this case is the proper interpretation and application of the limitation on removal of diversity cases contained in 28 U.S.C. § 1446(b). The pertinent portion of 28 U.S.C. § 1446(b) states:

> If a case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a*

---

**1.** This new proof is a tape recording made by Davis of a conversation between Plaintiff, their children, and herself. In this taped conversation, recorded some time before the dismissal of Davis, Plaintiff states that even though he had sued Davis, he would did not intend to actually seek recovery against her. (Opposition to Mot. to Remand, 8–9.)

*case may not be removed on the basis of jurisdiction conferred by § 1332 of this Title more than one year after commencement of the action.*

(emphasis added). It is uncontested that Defendants removed this case more than one year after the commencement of the action; however, Defendants argue that the court should waive the statutory restriction in the interest of equity. Defendants urge the court to adopt the reasoning of a Fifth Circuit case, *Tedford v. Warner–Lambert Co.,* 327 F.3d 423 (5th Cir.2003). In *Tedford,* the court denied the plaintiff's motion to remand the action to state court despite the fact that it was removed one year and ten days after the commencement of the suit. *Id.* The court found that the statutory limitation was not jurisdictional, and thus could be waived in the favor of equity. *Id.* The court also found that the plaintiff had acted deliberately to prevent removal by first improperly adding non-diverse parties, then delaying in notifying defendant of a non-suit against the remaining non-diverse party. *Id.* The court in *Tedford* also discussed an earlier Fifth Circuit case holding that an equitable exception existed to the remand statute. *Id.* at 426 (discussing *Barnes v. Westinghouse Elec. Corp.,* 962 F.2d 513 (5th Cir.1992)). In *Barnes,* the court denied the plaintiff's motion to remand finding that § 1446(b) was not jurisdictional,

and therefore defendant waived the argument by not raising it until 20 months after removal. 962 F.2d at 516.

Defendants also cite district court decisions from Virginia and Maryland that recognized limited exceptions to the general rule that the one-year limit on removal should be construed strictly. *Saunders v. Wire Rope Corp.,* 777 F.Supp. 1281 (E.D.Va.1991) (holding that the district court could interpret the meaning of "commencement of the action" in order to avoid depriving nonresident defendants of their legitimate entitlements to removal where, at wish of plaintiff, defendant was not served until eleven months after filing of action.); *Wise v. Gallagher Bassett Services, Inc.,* 2002 WL 2001529 (D.Md.2002) (holding that where the plaintiff instituted an action in state court requesting only $75,000, then, one year after the commencement of the action, served defendant a fourth amended complaint in which, without alleging any new facts, she increased her damage claim to $750,000, the plaintiff was estopped from raising the one-year limit on removal in requesting a remand to state court). However, the court notes that several district courts within the Fourth Circuit have also expressly recognized the one-year cap for removal to be a jurisdictional limitation that should be rigidly observed.[2] *See*

---

**2.** Numerous district courts outside this circuit share the opinion that the one-year limitation on removal is jurisdictional. *See e.g., Beisel v. Aid Ass'n for Lutherans,* 843 F.Supp. 616 (C.D.Cal.1994) (Plaintiff added non-diverse defendant to defeat removal and effectuate remand; on remand, state court dismissed non-diverse defendant; nonetheless, second removal rejected because it was too late under one-year rule); *Baylor v. District of Columbia,* 838 F.Supp. 7 (D.D.C.1993) (case may not be removed on basis of diversity jurisdiction more than one year after commencement of action); *Hedges v. Hedges Gauging Service, Inc.,* 837 F.Supp. 753

(M.D.La.1993) (regardless of when a diversity case becomes removable, state court action cannot be removed to federal court more than one year after commencement of action in state court; it is Congress' responsibility, not the courts, to rewrite the removal statute to eliminate abuses or make an exception); *Perez v. General Packer, Inc.,* 790 F.Supp. 1464, 1469 (C.D.Cal.1992) (removal prohibited for new defendants added two and one-half years after state case commenced); *Santiago v. Barre Nat'l, Inc.,* 795 F.Supp. 508 (D.Mass. 1992) ("[T]he plain language of the statute forbids removal on diversity grounds of cases which commenced in state court more than

*Price v. Messer*, 872 F.Supp. 317, 320 (S.D.W.Va.1995) (finding that there are no exceptions to the one-year rule); *Whisenant v. Roach*, 868 F.Supp. 177 (S.D.W.Va. 1994); *Rashid v. Schenck Const. Co., Inc.*, 843 F.Supp. 1081 (S.D.W.Va.1993). "[B]y characterizing the one-year rule as a jurisdictional limitation, it is more rigidly enforced and accordingly better serves the interest of comity between state and federal courts, especially important where there has been substantial progress in state court before removal.... Characterizing the one-year cap as jurisdictional has the preferable affect [sic] of recognizing the right and intent of Congress 'to limit the jurisdiction of federal courts by distinguishing those diversity cases which have been pending in the state court longer than a year from those cases which have not.'" *Rashid*, 843 F.Supp. at 1088 (citations omitted).[3]

The United States Court of Appeals for the Fourth Circuit has not explicitly decided the matter, but has described the one-year limitation as an "absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 'more than 1 year after commencement of the action.'"

*Lovern v. GMC*, 121 F.3d 160, 163 (4th Cir.1997) (quoting 28 U.S.C. § 1446(b)). Defendants have the burden of justifying removal in this case, and have offered no binding precedent that the one-year limitation prescribed in 28 U.S.C. § 1446(b) is subject to principles of equity. *See City of Portsmouth, Virginia v. Buro Happold Consulting Engineers, P.C.*, 2005 WL 2009281, *3 (E.D.Va.2005).

■ Assuming equitable principles could apply, Defendants have clearly shown that this is a case warranting an exception. In this case, Defendants removed to federal court claiming fraudulent joinder **twice** within the one-year limit, and both times the federal court remanded, holding that there was some possibility that the non-diverse party could be liable in the action. Now, more than one year after the commencement of the action, Plaintiff dismissed the non-diverse party and Defendants finally have the evidence that proves Plaintiff intended to make this dismissal all along. The actions of Plaintiff constitute a shameless and egregious manipulation of this court's jurisdiction. Further, the legislative history of the stat-

one year previously. The statute contains no exceptions to its prohibitory language."); *Auto Transportes Gacela S.A. De C.V. v. Border Freight Distrib. & Warehouse, Inc.*, 792 F.Supp. 1471 (S.D.Tex.1992) (§ 1446(b) barred removal by third-party defendant added more than a year after the commencement of state court action).

**3.** Other courts have expressed in even stronger terms their determination that Congress intended the one-year limitation to be jurisdictional. As one court recognized, "the one year limitation upon removal lends itself to abuses and inequities ... However, it is for the Congress and not this Court to rewrite the provisions of section 1446(b) to curb such abuses." *Martine v. National Tea Co.*, 841 F.Supp. 1421, 1422 (M.D.La.1993). The Eleventh Circuit, in a reasoned and thoughtful analysis, stated:

The Commentary to the 1988 Revision of 28 U.S.C. § 1446(b) shows that congress knew when it passed the one year bar on removal that some plaintiffs would attempt to defeat diversity by fraudulently (and temporarily) joining a non-diverse party. In that case, as long as there is some possibility that a non-diverse joined party could be liable in the action, there is no federal jurisdiction. But, under section 1446(b), if, after one year, the plaintiff dismisses the non-diverse defendant, the defendant cannot remove. So, a plaintiff could defeat jurisdiction by joining a non-diverse party and dismissing him after the deadline. Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction.
*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097, n. 12 (11th Cir.1994).

ute reveals that the specific purpose of the statute is to disallow removal after significant action in state court. *Price*, 872 F.Supp. at 320; *US Airways, Inc. v. PMA Capital Ins. Co.*, 340 F.Supp.2d 699, 706, n. 8. Defendants have shown that, due to Plaintiff's failure to pursue discovery, substantial progress in this case has not been made in state court. (Memo in Opp. To Remand at 17.) Accordingly, the central purpose of the one-year limitation would not be violated by recognizing an equitable exception in this instance. If ever an equitable exception should be recognized to relieve the inequities caused by a strict interpretation of the one-year limit on removal, it is in this very case.

■ In considering this matter, the court remembers that "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Shiflette v. Synthes, Inc. (USA)*, 2006 WL 287501, *1 (D.S.C.2006) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)). To ensure that federal courts do not overstep constitutional bounds, courts are admonished to construe federal removal statutes strictly. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Nonetheless, even considering that removal statutes must be interpreted strictly, the court agrees with those courts that have held that Congress did not intend to permit a Plaintiff to fraudulently manipulate federal jurisdiction when it enacted § 1446(b). *See, e.g., Wise*, 2002 WL 2001529, *1 ("It would be disrespectful to Congress to conclude that it contemplated

that a litigant's right to a federal forum could be defeated simply by an adverse party employing the stratagem of secreting the federal nature of a claim by failing to claim before the one-year limit established by § 1446(b) the true amount of damages she is seeking."). To apply the one-year limitation in a totally rigid manner would open the door to potential abuse of the rule, "the effect of which will be to undermine the very purpose behind federal diversity jurisdiction." *Saunders*, 777 F.Supp. at 1285. The court will not permit deceitful and artful trial tactics to deprive a nonresident defendant of a valid statutory right to removal. *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328, 338 (D.S.C.1979). Accordingly, the court finds that the statutory limitation of § 1446(b) is not jurisdictional, and thus may be waived in the favor of equity where the plaintiff has acted improperly to prevent removal. The court therefore holds that Plaintiff is estopped from raising the one-year limit established by § 1446(b) in order to defeat removal.

Recognizing that district courts within this Circuit are split as to whether an equitable exception can apply to the one-year limitation on removal, the court invites Plaintiff to make an immediate appeal of this issue to the Court of Appeals of the Fourth Circuit. The court therefore certifies an interlocutory appeal of the following controlling question of law to the Fourth Circuit, as allowed under 28 U.S.C. § 1292:[4]

(1) whether the one-year limitation on removal to federal court described by 28 U.S.C. § 1446(b) is properly characterized as a jurisdictional limitation or

---

4. "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground

for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C.A. § 1292(b).

whether it is not jurisdictional, and thus may be waived in the favor of equity.

If Plaintiff so chooses, he shall make an application of this appeal to the Court of Appeals within ten days after the entry of this Order.

B. *Motion for Attorney's Fees and Costs*

Plaintiff's motion for costs and attorney's fees is denied.

### CONCLUSION

It is, therefore,

**ORDERED,** for the foregoing reasons, that Plaintiffs' Motion to Remand is hereby **DENIED** and Plaintiff's Motion for Fees and Costs is **DENIED.** It is further **ORDERED** that the above controlling question of law is certified under 28 U.S.C. § 1292(b) for immediate appeal.

**AND IT IS SO ORDERED.**